J-S41031-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LISA MARIE KRUSKIE, | : | |
| | : | |
| Appellant | : | No. 1613 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 27, 2019
in the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000477-2018

BEFORE: KUNSELMAN, J., McLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED: JANUARY 21, 2021**

Lisa Marie Kruskie (Appellant) appeals from her September 27, 2019 judgment of sentence imposed following her conviction for terroristic threats. We remand with instructions.

Briefly, in connection with a November 8, 2018 incident between Appellant and her two neighbors, a jury found Appellant not guilty of intimidation of a witness or victim, not guilty of stalking, and guilty of terroristic threats. On September 27, 2019, Appellant was sentenced to 30 days to 12 months of incarceration followed by four years of probation.

Appellant timely filed a notice of appeal. On appeal, Appellant raises one issue: whether the evidence was sufficient to convict Appellant of terroristic threats. Appellant's Brief at 8.

---

*Retired Senior Judge assigned to the Superior Court.

Before we may address this issue, we must determine whether Appellant has preserved it for appeal. It is well-settled that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [concise statement] pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *see also* Pa.R.A.P. 1925(b).

The docket indicates that the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Scheduling Order, 10/1/2019, at ¶ 1. The trial court instructed Appellant to file the concise statement within 21 days of the order – *i.e.*, by October 22, 2019 – and to serve the court with the concise statement. *Id.* at ¶ 2. It warned Appellant that any issue she failed to include would be deemed waived. *Id.* at ¶ 3. The order contained the contents specified in Pa.R.A.P. 1925(b)(3) and was served on Appellant's counsel via first-class mail on the same day as filing. Thus, the deadline to file timely a concise statement was October 22, 2019.

Appellant did not file a concise statement by the deadline, and on November 14, 2019, the trial court entered an order instructing the clerk of courts to forward the certified record to the Superior Court. In the order, the trial court informed this Court that it would not be filing a trial court opinion

pursuant to Pa.R.A.P. 1925(a) due to Appellant's failure to file a concise statement. Order, 11/14/2019, at 1.

Prior to the forwarding of the record to this Court, Appellant's court-appointed counsel filed a motion titled "Motion to Reconsider." In the motion, counsel admitted he had failed to file a concise statement by the deadline in the court order and opined such failure constituted ineffectiveness *per se*. Motion to Reconsider, 11/22/2019, at ¶ 7. Relying on **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009) (*en banc*), counsel requested that the trial court accept a belatedly filed concise statement to avoid a remand on appeal. Motion to Reconsider, 11/22/2019, at ¶¶ 6-7. Simultaneously, counsel filed a concise statement raising the sufficiency of the evidence regarding Appellant's terroristic threats conviction. Concise Statement, 11/22/2019, at 1. Without explanation, the trial court denied the motion and did not issue an opinion pursuant to Pa.R.A.P. 1925(a). Order, 12/2/2019, at 1.

Upon review, we conclude counsel was correct that his tardy filing of the concise statement a month after the trial court's deadline constituted ineffective assistance of counsel *per se* because he failed to preserve any issues for appeal. **See** Pa.R.A.P. 1925(c)(3); **Burton**, 973 A.2d at 432-33. Nevertheless, subsection 1925(c)(3) provides a safety net for criminal defendants who, like Appellant, relied on counsel to comply with the court's order. The rule provides as follows.

> If an appellant represented by counsel in a criminal case was ordered to file a [concise statement] and failed to do so or filed an untimely [concise statement], such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a [concise statement] *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3);[1] *see also Burton*, 973 A.2d at 433 (holding that counsel's untimely filing of a concise statement constitutes *per se* ineffectiveness of counsel from which an appellant is entitled prompt relief).

Based on the foregoing, we remand this case in order for the trial court to enter an order accepting the filing of Appellant's concise statement *nunc pro tunc*, and to prepare an opinion pursuant to Pa.R.A.P. 1925(a) or to direct our attention to the place in the record where its ruling regarding the sufficiency of the evidence on the terroristic threats case may be found.[2]

*See* Pa.R.A.P. 1925(c)(3); *cf. Burton*, 973 A.2d at 433   (concluding a

---

[1] We note Rule 1925 was amended in 2019, effective the same day the trial court entered and served its order requiring the filing of a concise statement.  Therefore, the current version of the rule governs this case.

[2] It is unclear why the trial court did not accept Appellant's belated concise statement under these circumstances. The more efficient course of action would have been to accept the tardy concise statement, prepare an opinion or statement pursuant to Rule 1925(a), and notify this Court of the delay in transmitting the opinion and record. The law of this Commonwealth makes clear that "Rule 1925 defaults by counsel on direct appeal may be litigated and remedied under the guise of ineffectiveness of counsel at the [collateral relief] stage [pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546];" the safe-harbor in Rule 1925(c)(3) and other decisional law "merely accelerate[] the remedy." *Commonwealth v. Hill*, 16 A.3d 484, 496-97 (Pa. 2011) (citations omitted).

remand was unnecessary because the trial court had issued an opinion addressing the sole claim raised in counsel's belatedly-filed concise statement). The trial court's opinion or statement shall be prepared within 45 days from the filing of this memorandum.[3]

Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.

---

[3] Because Appellant has not requested appointment of new counsel, and because counsel admitted his mistake, attempted to file a concise statement *nunc pro tunc*, and timely filed a brief on Appellant's behalf in this Court, the trial court need not appoint new counsel. **See Burton**, 973 A.2d at 433 (not requiring appointment of new counsel who belatedly filed a concise statement). We note that the same counsel also represents Appellant in two other appeals before this panel: 1961 MDA 2019 and 660 MDA 2020. Nevertheless, in the event the trial court deems appointment of new counsel to be prudent, it may appoint new counsel in its discretion. If so, the trial court shall inform this Court in writing forthwith, and appointment of new counsel shall occur within 15 days of the filing of this memorandum, the filing of a new concise statement shall occur within 30 days of the appointment, and the trial court shall prepare its opinion within 45 days of service of the new concise statement.